Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000143
08-JUN-2018
08:04 AM

NO. CAAP-17-0000143

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LARINA M.K. BENITEZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-16-070804)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Larina M.K. Benitez (**Benitez**)
appeals from the Notice of Entry of Judgment and/or Order and
Plea/Judgment, filed on February 14, 2017, in the District Court
of the First Circuit, Honolulu Division (**District Court**).[1]
Benitez was convicted of Operating a Vehicle After License and
Privilege have been Suspended or Revoked for Operating a Vehicle
Under the Influence of an Intoxicant (**OVLPSR-OVUII**), in violation

---

[1] The Honorable Linda K.C. Luke presided.

of Hawaii Revised Statutes (HRS) § 291E-62(a) (Supp. 2017),[2] for an incident that occurred on August 8, 2016.

On appeal, Benitez contends there was insufficient evidence to convict her because the State failed to prove she acted recklessly or disregarded a substantial and unjustifiable risk that her license was revoked when she drove on August 8, 2016.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Benitez's point of error as follows:

Benitez claims that there was insufficient proof to demonstrate the requisite intent to commit the offense of OVLPSR-OVUII because she had no notice that her license was suspended or revoked on August 8, 2016. Benitez does not dispute that on

---

[2]     HRS § 291E-62(a) states:

§ 291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties. (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

(1)     In violation of any restrictions placed on the person's license;

(2)     While the person's license or privilege to operate a vehicle remains suspended or revoked;

(3)     Without installing an ignition interlock device required by this chapter; or

(4)     With an ignition interlock permit unless the person has the ignition interlock permit and a valid State of Hawaii identification card in the person's immediate possession.

August 8, 2016, she operated or assumed actual physical control of a vehicle, on a public way, street, road, or highway, in the City and County of Honolulu, State of Hawaiʻi. Benitez also does not dispute that her license was actually suspended or revoked on August 8, 2016. In addition, on July 16, 2016, Benitez was informed of, and signed, a Notice of Administrative Revocation after she was arrested for Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-61 (Supp. 2017).

When the evidence adduced at trial is considered in the strongest light for the prosecution, with all reasonable and rational inferences under the facts in evidence, including circumstantial evidence, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to support Benitez's conviction.

Even assuming that the State failed to demonstrate Benitez had notice of her license revocation from an incorrectly mailed September 25, 2016 Notice of Administrative Hearing Decision, there was sufficient evidence to show Benitez consciously disregarded a substantial and unjustifiable risk that her license was revoked on August 8, 2016.

Pursuant to HRS § 291E-37 (Supp. 2017), the Director of the Administrative Driver's License Revocation Office must "issue a written decision administratively revoking the license and privilege to operate a vehicle or rescinding the notice of administrative revocation." HRS § 291E-37(a). "If the evidence does not support administrative revocation, the director shall

3

rescind the notice of administrative revocation and return the respondent's license along with a certified statement that administrative revocation proceedings have been terminated." HRS § 291E-37(e). "If the director administratively revokes the respondent's license and privilege to operate a vehicle, the director shall mail a written review decision to the respondent, or to the parent or guardian of the respondent if the respondent is under the age of eighteen." HRS § 291E-37(f).

If the Notice of Administrative Revocation issued to Benitez on July 16, 2016, was rescinded after an administrative review, Benitez's license would have been returned to her, and she could not request an administrative hearing because HRS § 291E-38 (Supp. 2017) does not allow a respondent to request an administrative hearing unless a license has been revoked. It appears from the record,[3] however, that Benitez received the Administrative Review Decision that revoked her license because she requested an administrative hearing, and a request for a hearing can only be made after an Administrative Review Decision is issued that revoked a license. See HRS § 291E-38(a). Thus, Benitez was aware that her license was revoked when she requested an administrative hearing. Benitez consciously disregarded the substantial and unjustifiable risk regarding the time period that

---

[3]     A notation on a September 25, 2016 Notice of Administrative Hearing Decision states "Prior to commencement of the hearing set for 9/24/15 Respondent, through and as approved by Counsel, withdrew her request for a hearing. See, Withdrawal dated 9/24/2015. Therefore the Notice of Administrative Review Decision dated 7/23/15 is affirmed in part and amended to reflect the extension of Respondent's temporary permit from 8/16/15 through 9/24/15. The amended revocation period is 8/16/15 through 9/23/16 excluding the period during which Respondent enjoyed driving privileges due to the extension of her pe[rmit]."

her license was revoked after being notified that her license was revoked. Therefore, there was substantial evidence to support Benitez's conviction.

Accordingly, the District Court's February 14, 2017 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED: Honolulu, Hawai‘i, June 8, 2018.

On the briefs:

John Rodrigues Foster,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge